UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH LAMONT FOGLE,<br><br>Defendant. | Crim. Action No. 03-187 (JDB) |

# MEMORANDUM OPINION

Keith Lamont Fogle's motion pursuant to 28 U.S.C. § 2255 challenges his designation as a career offender under the residual clause of § 4B1.2 in the 2010 U.S. Sentencing Guidelines Manual ("U.S.S.G."). 2255 Mot. ("Def.'s Mot.") [ECF No. 74]; Suppl. Mot. to Vacate J. under 28 U.S.C. § 2255 ("Suppl. Mot.") [ECF No. 87].[1] Fogle's career offender enhancement was based, in part, on a prior conviction for D.C. attempted robbery,[2] which Fogle asserts is not a qualifying offense for designation as a career offender because it is not a "crime of violence" under that provision. For the reasons that follow, Fogle's motion will be dismissed as untimely under 28 U.S.C. § 2255(f).

---

[1] Fogle appealed his conviction on ineffective assistance of counsel grounds, and on remand to the district court for an evidentiary hearing, this claim was styled as a motion under 28 U.S.C. § 2255. See Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and for Evid. Hr'g [ECF No. 59]. However, the parties agree that, following United States v. Rashad, 331 F.3d 908, 910 (D.C. Cir. 2003), Fogle's ineffective assistance claim should have been considered a remand and not a motion filed pursuant to 28 U.S.C. § 2255. Suppl. Mot. at 18; United States' Opp'n to Def.'s Mot. & Suppl. Mot. ("Opp'n") [ECF No. 94] at 8 n.7. Hence, the instant motion is deemed Fogle's first § 2255 motion.

[2] The offense appears in Fogle's presentence report as "attempt robbery," but a recent brief filed by the government clarifies that the conviction was in fact for "attempt armed robbery." See Presentence Report at 10; United States' Opp'n to Def.'s Mot. to Reduce Sentence pursuant to the First Step Act of 2018 [ECF No. 104] at 4 (emphasis added). The Court need not resolve the question of Fogle's actual offense of conviction because Fogle's motion under § 2255 is untimely in any event.

## BACKGROUND

Fogle sold 0.82 grams of crack cocaine in three back-to-back controlled buys to undercover police officers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Suppl. Mot. at 5; Judgment ("J.") [ECF No. 40] at 1. He was sentenced to 280 months' incarceration based on conclusions that he was subject under 21 U.S.C. § 851 to enhanced penalties based on a prior conviction and that he qualified as a career offender under the 2004 U.S. Sentencing Guidelines. J. at 2; Sentencing Tr. [ECF No. 87-1] at 6:8–9:6.

The career offender provision of the U.S. Sentencing Guidelines directs a sentencing court to increase the base offense level of a defendant convicted of a felony crime of violence or controlled substance offense if the court finds that the defendant has two or more prior felony convictions for crimes of violence, controlled substance offenses, or a combination of both. U.S.S.G. § 4B1.1(a) (U.S. Sentencing Comm'n 2010). At the time of Fogle's sentencing, a prior offense qualified as a crime of violence if it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the "enumerated offense clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

Id. § 4B1.2(a).[3] Fogle's challenge here focuses on the application of the provision's residual clause.

Fogle's career offender enhancement was based on two prior convictions: a 1995 conviction for Maryland first-degree burglary and a 2001 conviction for D.C. attempted robbery. Suppl. Mot. at 6–7. Designation as a career offender under the career offender provision's residual

---

[3] To qualify for the career offender enhancement, the prior offenses also must have been punishable by a term of imprisonment exceeding one year, id. § 4B1.1(a), and the defendant must have committed the instant offense after attaining the age of 18, id. § 4B1.1(a).

clause raised Fogle's offense level from 18[4] to 34 and his criminal history category from III to VI. Id. at 7. As a result, Fogle's advisory guidelines range increased from 33–41 months to 262–327 months. Id. The Court imposed a sentence of 280 months' imprisonment, noting that the defendant had "a rather unbroken record of criminal activity" in his thirty-three years of life. Sentencing Tr. at 21:7–10, 28:9-14.

In the years following Fogle's conviction and sentencing, the residual clause of the career offender guideline has been challenged—but not invalidated. An identically worded residual clause provision in the Armed Career Criminal Act (the "ACCA") was held unconstitutionally vague in 2015, Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), and the U.S. Sentencing Commission shortly thereafter removed the residual clause from the career offender provision of the Guidelines Manual going forward, U.S.S.G., Suppl. to App. C, amend. 798 at 121 (U.S. Sentencing Comm'n 2018). For a time, it seemed possible that the residual clause in the Guidelines, too, might be held unconstitutional. But in March 2017, the Supreme Court foreclosed this possibility in Beckles v. United States, 137 S. Ct. 886 (2017), in which it declined to extend its reasoning in Johnson to the residual clause of the career offender guideline, observing that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," and hence holding that the residual clause of the career offender guideline was not void for vagueness. Id. at 890, 894–95. As the law stands today, then, the residual clause of the career offender guideline is not void for vagueness.

---

[4] This estimated offense level of 18 includes not only the base offense level of 16 (based on drug quantity) but also assumes that the Court would have imposed a two-level increase for obstruction of justice based on Fogle's testimony in his own defense at his trial and his subsequent guilty verdict from the jury. The Court did not make a finding on the obstruction of justice enhancement because the career offender enhancement more than covered the two-level increase. Sentencing Tr. at 5:20–6:25.

3

Notwithstanding the holding in Beckles, Fogle elected to proceed with his § 2255 motion. The government opposed the motion. See Opp'n. The Court heard argument on the § 2255 motion on June 7, 2019, and both sides filed supplemental briefs shortly thereafter on the issue of whether Fogle might alternatively be entitled to relief via a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Post-Hr'g Mem. Regarding 28 U.S.C. § 2241 ("Def.'s Post-Hr'g Mem.") [ECF No. 98]; United States' Resp. to Def.'s Post-Hr'g Mem. [ECF No. 99]. Fogle also filed an emergency motion for relief under the First Step Act of 2018, see Emergency Mot. to Reduce Sentence Pursuant to the First Step Act of 2018, [ECF No. 100], which the Court denied on September 24, 2019, see Sept. 24, 2019, Order [ECF No. 107]. The Court has carefully considered the positions and filings of all parties, and this case is now ripe for resolution.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") authorizes federal prisoners to move to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner's ability to bring such a motion is subject to a strict one-year time limitation triggered by, as relevant here,[5] either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(1), (3).

## DISCUSSION

Fogle's § 2255 motion is untimely, and hence it must be dismissed. The parties agree that Fogle's motion—filed in 2016—is untimely under § 2255(f)(1) because it was filed more than one

---

[5] Fogle has identified neither any impediment to making a motion caused by governmental action, see id. § 2255(f)(2), nor any newly discovered facts supporting his claim, see id. § 2255(f)(4).

4

year after Fogle's conviction became final in 2012. Suppl. Mot. at 52; see also Order of the U.S. Court of Appeals [ECF No. 73] (dismissing appeal). Fogle primarily argues that his motion is timely under § 2255(f)(3) because he asserts a right "initially recognized by the Supreme Court" in Johnson, which was made retroactively applicable to cases on collateral review in Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Suppl. Mot. at 47–51. The government disagrees, noting that "Johnson did not address the guidelines" and hence "did not recognize the right that defendant now asserts." Opp'n at 9.

The Court concludes that Fogle's motion is indeed untimely under § 2255(f)(3). While "[i]t is undisputed that Johnson announced a new rule," Welch, 136 S. Ct. at 1264, that rule does not apply here. Johnson explicitly held unconstitutional the ACCA residual clause on vagueness grounds. To the extent there was uncertainty about whether Johnson extended to the advisory guidelines, Beckles made clear that it did not. Beckles left open the possibility that the advisory guidelines might be subject to further "constitutional scrutiny," including scrutiny "under the Due Process clause," 137 S. Ct. at 895–96, but it did not establish any right that would make Fogle's motion timely. The Court simply cannot conclude that "the right asserted" by Fogle has been "recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3); see also United States v. Small, Crim. Action No. 10-112-4 (JDB), 2019 WL 3290591, at *3 (D.D.C. July 22, 2019); United States v. Upshur, Crim. Action No. 10-251 (RBW), 2019 WL 936592, at *5 (D.D.C. Feb. 26, 2019) (concluding that "there exists no basis for this Court to conclude that Johnson even considered" "a right not to be sentenced under the residual clause of the advisory Guidelines," "let alone 'formally acknowledged that right in a definite [enough] way'" to have "recognized" that right (quoting United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017))). Hence, Fogle's motion is untimely under § 2255(f).

5

In the alternative, Fogle argues that, even if the motion is not timely under § 2255(f)(3), the deadline for filing should be equitably tolled. Suppl. Mot. at 51–55. However, equitable tolling does not apply here. Equitable tolling can be applied to § 2255 motions, but only where the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. McDade, 699 F.3d 499, 504 (D.C. Cir. 2012) (citation omitted). Fogle asserts that before Johnson he "had no claim challenging his sentence" because of a line of cases rejecting challenges to the career offender guideline's residual clause and that "he pursued his rights diligently by filing this motion within one year of Johnson" when "the claim accrued." Suppl. Mot. at 52–53. The problem is that, for the reasons noted above, Fogle did not actually accrue a claim under Johnson. It is true that Johnson raised a question as to the validity of the residual clause in the context of the career offender guideline—but it did not answer that question. To the extent that Fogle asserts that case law rejecting the argument that he seeks to make formed a barrier to him asserting this claim, that barrier remains. Hence, Fogle has not demonstrated exceptional circumstances that would justify equitable tolling.

Fogle also asserts that the fundamental miscarriage of justice, or "actual innocence," exception should allow him to pursue his claim notwithstanding its untimeliness because he is actually innocent of the sentence imposed. Suppl. Mot. at 53–55. The government responds that "defendant is not actually innocent of his sentence" because he was not "convicted of being a career offender," and, in any event, "even if the actual innocence exception could apply to an advisory guideline calculation, defendant's claim . . . is a mere assertion of legal insufficiency, rather than an assertion of factual innocence as is required for the exception." Opp'n at 19.

6

The Court concludes that the exception does not apply. The actual innocence "exception is designed to excuse procedural barriers to relief in only a 'narrow class' of 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" United States v. Baxter, 761 F.3d 17, 28 (D.C. Cir. 2014) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted); see also Small, 2019 WL 3290591, at *4. Here, Fogle's claim is plainly one of legal insufficiency, not factual innocence, and hence this exception does not apply.

Next, to the extent that the time limitations in § 2255(f) bar any relief—and neither equitable tolling nor the actual innocence exception apply—Fogle asserts that § 2255(f) violates the Suspension Clause of the U.S. Constitution. Suppl. Mot. at 55–57. The Court rejects this argument. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. However, § 2255(f) does not suspend the writ or alter the remedy available to Fogle—it simply sets a tight deadline for seeking that remedy. The Supreme Court has made clear that "the substitution of a collateral remedy"—that is, substituting "the Section 2255 procedure" for a writ of habeas corpus—"is neither inadequate nor ineffective to test the legality of a person's detention" and therefore "does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). And, as the government has argued, even if the remedy provided under § 2255 is somehow "inadequate or ineffective," § 2255(e)'s "savings clause" provides that a writ of habeas corpus remains available under 28 U.S.C. § 2241. Opp'n at 19–21. For all of these reasons, the writ is not suspended by the timeline set in § 2255(f),

and the untimeliness of Fogle's motion does not implicate the Suspension Clause. See Swain, 430 U.S. at 381; Small, 2019 WL 3290591, at *4–5; Upshur, 2019 WL 936592, at *10.

Finally, Fogle argues that, in the event he is found ineligible for relief under § 2255, habeas relief under 28 U.S.C. § 2241 could be properly granted by this Court. Suppl. Mot. at 57–59. However, a district court may only grant a writ of habeas corpus "within [its] respective jurisdiction[]," 28 U.S.C. §2241(a), which the Supreme Court has interpreted as requiring that the district court sit "in the district of confinement," Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (citation omitted). The government notes that "Fogle is not currently confined in this district, nor has he been at any time during the pendency of these post-conviction proceedings." United States' Resp. to Def.'s Post-Hr'g Mem. at 1. Fogle concedes that he was confined at FCI Loretto in Pennsylvania prior to his June 7, 2019, hearing and that he was held at the regional jail in Piedmont, Virginia, at the time of his hearing (and the time of filing of his post-hearing memorandum expanding on his request for § 2241 relief), both of which are outside of this district. Def.'s Post-Hr'g Mem. at 6. However, Fogle argues that he nevertheless should now be permitted to seek habeas relief before this Court because of waiver or because relief was unavailable under § 2255. Id. at 1–6. The Court concludes that Fogle is not within its jurisdiction because Fogle is not confined in this district, and none of the exceptions that Fogle proposes applies. Hence, Fogle may apply for habeas relief under § 2241, but not from this Court.

## **CONCLUSION**

Fogle's motion for relief under 28 U.S.C. § 2255 is untimely under § 2255(f), and no exception applies. Hence, it is dismissed. Moreover, this Court lacks jurisdiction to consider Fogle's request for habeas relief under § 2241, and his motion for a writ of habeas corpus also must be dismissed.

A separate order will issue on this date.

|  | /s/ |
|---|---|
|  | JOHN D. BATES |
|  | United States District Judge |

Dated: September 30, 2019