UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No.   03-cr-087 (JDB) |
| | ) | |
| **KEITH LAMONT FOGLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MOTION TO RECONSIDER INDICATIVE RULING**

Mr. Keith Fogle, through counsel, respectfully requests that the Court reconsider the relief it stated it would grant in its indicative ruling of September 11, 2020, should the Court of Appeals remand Mr. Fogle's case (Order, ECF No. 130). Specifically, Mr. Fogle requests that the Court reconsider its decision to grant a time-served sentence and instead indicate that it would reduce Mr. Fogle's sentence to "time-served until November 27, 2012."

In its indicative ruling, the Court "agree[d] with the government's concern" "about any sentence reduction that would reduce Fogle's term of incarceration in this case to less than the amount of time that he has already served, which is approximately 16 years" because "defendants cannot be allowed to 'bank time' against possible future sentences." Order at 5 (internal quotation marks omitted) (quoting government opposition). The Court reasoned:

> Courts appear uniformly to reject the permissibility of sentencing a defendant to something less than time-served as of the date of the sentence reduction. See, e.g., United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019) (collecting cases); Laguerre, 2019 WL 861417, at *3; see also Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct."). And in the related context of sentence reductions following an amendment to the Guidelines range, the advisory Guidelines state that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). This Court finds the reasoning of other courts and the analogy to

1

>§1B1.10(b)(2)(C) persuasive and therefore rejects any suggestion by Fogle that it could permissibly sentence him to anything less than time-served as of the date of the order reducing his sentence.

Order at 5-6.

Mr. Fogle respectfully submits that the Court can permissibly—and should—reduce Mr. Fogle's sentence to less than time-served as of the date of the sentence reduction. Nothing in the text of the applicable statute, 18 U.S.C. § 3582(c)(1)(A), any other federal statute, or the applicable Guidelines policy statement, U.S.S.G. § 1B.13, restricts a court's authority to reduce a sentence. Instead, "[t]he statutory text empowers the Court to 'reduce the term of imprisonment,' upon a finding of 'extraordinary and compelling reasons.'" *Cf. United States v. Braxton*, Nos. 09-cr-478, 15-cr-408 (JKB), 2020 WL 4748536, at *5 (D. Md. Aug. 17, 2020) ("[The statutory text] does not constrain the Court to decide between immediate release or no reduction at all, and instead leaves the Court discretion in its evaluation of the appropriate sentence once it finds 'extraordinary and compelling reasons.'").

Reducing Mr. Fogle's sentence to "time served until November 27, 2012" would not result in any "banked time." Instead, all of the time Mr. Fogle has served from November 27, 2012 up to the present would be credited toward Mr. Fogle's D.C. sentence, and Mr. Fogle would be released from that sentence sooner.

Multiple courts have reduced sentences to terms less than time-served in similar contexts under the First Step Act, where, as here, reducing the defendant's sentence to less than time served would not result in any "banked time." In *United States v. Brawner*, No. 09-cr-182 (DKC), 2020 WL 1929442 (D. Md. Apr. 21, 2020), the defendant "ha[d] fully served the 120-month federal sentence previously imposed, but ha[d] not yet started supervised release because he [was] currently serving a state sentence imposed to run consecutive to the federal sentence."

2

*Id*. at *1. He requested a sentence reduction under the First Step Act "so that he [could], in effect, hasten his eventual release by using the overserved time on his federal sentence as a credit against the state sentence." *Id*.

The court explained that "[t]he question of whether and under what circumstances a prisoner who has served time under a conviction and sentence later held invalid is entitled to a credit for that time against another sentence . . . may arise in a variety of situations which need to be distinguished." *Id*. at *2 (quoting *Miller v. Cox*, 443 F.2d 1019, 1020 (4th Cir. 1971)). "[I]n the situation involving 'a prisoner serving consecutive sentences on several convictions [who] succeeds in having one of the sentences invalidated after it has been fully or partially served,'" "the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction." *Id*. (quoting *Miller*, 443 F.2d at 1020). The court anticipated that the concern that the defendant would get "'banked time' for use if supervised release is revoked" was "hopefully, not present . . . because the law provides for credit to be applied to the Maryland sentence." *Id*.

Ultimately, the court held that the defendant was "deserving of a sentence reduction, both because the sentencing landscape is much different today for the offense conduct, and because of the interplay between this sentence and the undischarged term of imprisonment for the state offense." *Id*. at *3. "Rather than impose a term of months that would require the BOP to calculate when he might have been released" from the federal sentence, the court reduced the defendant's sentence "to the time served up until April 26, 2015." *Id*. at *4. That way, all of the time served after that date would go toward his service of the state sentence, and he would not have any "banked time" upon release. *Id*.

Mr. Fogle here requests the same relief: that the Court sentence him to a reduced term of imprisonment that would allow his "overserved" time—specifically, the period of time from November 27, 2012 up to the present—to be credited toward the service of his D.C. Superior Court sentence. Such a sentence would not provide Mr. Fogle with any "banked time" that could be applied toward future supervised release violations in this case. Rather, because his 10 to 30 year D.C. sentence exceeds the time that Mr. Fogle has served since November 27, 2012, any excess time would be credited towards the D.C. sentence. Once credited to his D.C. sentence, this time cannot also be credited towards a later violation of supervised release sentence in this case. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*." (emphasis added)). Therefore, the policy reason for not reducing a defendant's sentence below time-served that exists in many cases is not present here.

In addition to *Brawner*, other courts have likewise reduced defendants' completed sentences to a periods of less than time-served to allow unjust periods of incarceration to be credited toward the service of separate consecutive sentences. In *United States v. Nance*, No. 8:08-cr-449, 2019 WL 2436210 (D. Neb. June 10, 2019), the court reduced the defendant's 120-month sentence, which he had already finished serving, to a term of 78 months reasoning that "a retroactive reduction of Nance's term of incarceration in this case will offer Nance an earlier release date, due to the BOP's policy of 'aggregating' consecutive federal sentences." *Id*. at \*2-3. Similarly, in *United States v. Miles*, No. 07-cr-890 (E.D.N.Y. Apr. 25, 2019), the court reduced the defendant's "already-served sentence" of 120 months to a term of 87 months where the defendant "remain[ed] in federal custody serving a consecutive sentence for an unrelated

4

offense." Opinion & Order at 1, 16, ECF No. 345.  The court reasoned that "there is no policy statement akin to the limitation enumerated in section 1B1.10 that would restrict Miles's entitlement to relief under § 3582(c)(1)(B) or the First Step Act" and that, "[t]o the contrary," "overarching policy" favored "sending fewer people to prison, imposing shorter sentences for drug crimes, and reducing the sentencing disparity between crack and powder cocaine offenses." *Id*. at 14 (citation omitted).  "The concerns and motivations that guided" courts declining to reduce a sentence to a period below time-served did "not apply" because "a reduction below the time [the defendant] has already served will not allow him to 'bank time' that can be credited against future sentences." *Id*. at 15-16 n. 9.  "Instead, it will simply result in [the consecutive] sentence beginning earlier." *Id*.  Here, likewise, Mr. Fogle would "still be required to fully complete both sentences—" the modified federal sentence and the consecutive D.C. sentence— "before he can be released from federal custody." *Id*.

*United States v. Sampson,* 360 F. Supp. 3d 168 (W.D.N.Y. 2019), does not require relief different from what Mr. Fogle requests here.  In *Sampson*, the court denied the defendant's request for "a formal resentencing" under the First Step Act "to a specified term of 123 months' imprisonment." *Sampson*, 350 F. Supp. 3d at 171.  "The chief dispute was about the scope of the proceedings permitted under the First Step Act: whether a full sentencing was required, or whether a simple modification of sentence would suffice." *Id*.  The court held that "[t]he appropriate remedy is simply to reduce defendant's sentence to the time he has already served" because, there, unlike in this case, reducing the defendant's sentence to time-served would result in his immediate release. *Id*. (denying government's request that the defendant's release be stayed for 10 days and holding "defendant's release must be effectuated forthwith, and as - quickly as possible").  Thus, *Sampson* affirmed the reasoning that a defendant should not be

permitted to "bank" time, but did not address whether overserved time should count toward a consecutive term of imprisonment.

Similarly, in *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019), the court's grant of a reduction to time-served resulted in the defendant's immediate release, whereas reducing the defendant's sentence to less than time-served would have allow him to "bank time" "which could allow him to commit further crimes without the fear of imprisonment." *Id*. at *3.

Here, reducing Mr. Fogle's sentence to "time-served until November 27, 2012" would result in Mr. Fogle's release from custody earlier if he is released at his 10-year minimum term of imprisonment on his D.C. Superior Court sentence—in or around May 2021—because all of the time that no longer counts towards his federal sentence will be credited toward the service of his D.C. sentence.[1]  The government does not dispute that reducing Mr. Fogle's federal sentence will result in him being released sooner from custody.  *See* Gov't Opp'n at 6 n. 3, ECF No. 128. While reducing Mr. Fogle's term of incarceration to a term of exactly 93 months as Mr. Fogle requested in his initial motion (ECF No. 120) may result in "banked time," the government is simply incorrect that reducing Mr. Fogle's sentence to any term of less than "the amount of time he has already served" "would result in an overserved sentence, thereby allowing defendant to 'bank time' against potential future incarceration related to his felony drug convictions in this case." *Id*. at 25 n. 10.

---

[1] Defense counsel understands that the BOP DSCC would confirm sentencing calculations if contacted by the Court.  Therefore, if the Court is concerned that not all time served after November 27, 2012 would be applied toward the D.C. sentence, Mr. Fogle respectfully requests that the Court contact the DSCC to confirm that no "banked time" would result from a reduced sentence of "time served until November 27, 2012."

The Fourth Circuit acknowledged the validity of Mr. Fogle's reasoning in in *Miller v. Cox*, 443 F.2d 1019 (4th Cir. 1971). There, the court differentiated the situation where "a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served"—the situation analogous in Mr. Fogle's case—from the situation where a prisoner, "after his conviction has been invalidated and he has regained his freedom, commits a new crime and receives a new sentence." *Id.* at 1021-22. In the latter situation, the court found it "unthinkable" that the time from the voided conviction could serve as a "line of credit for future crimes"—the concerns raised by the government in this case. *Id.* at 1022. However, in the former situation, "[c]ommon sense and fundamental fairness require that . . . the state should not ignore the period of imprisonment under the invalid sentence" and should allow the time to be credited from the voided conviction to the outstanding consecutive sentence. *Id.* at 1021; *see also Tucker v. Peyton*, 357 F.2d 115, 117-18 (4th Cir. 1966). "All that was involved," the Fourth Circuit explained, "was an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date." *Miller*, 443 F.2d at 1020-21. So too here, where a reduction of Mr. Fogle's federal sentence to "time served until November 27, 2012" will result in his D.C. sentence commencing on an earlier date, and the concerns related to "banked time" are not present.

The time Mr. Fogle served until November 27, 2012 was approximately 100 months (from the July 21, 2004 arrest date). This sentence   than triple the sentence of, "at most, about 30 months" that Mr. Fogle would likely receive if sentenced for the same offenses today. Order at 8. The Court should not require Mr. Fogle to serve *even more* than 70 months longer than the

7

Court itself determined would be appropriate in this case for a policy reason that would not apply.

      Mr. Fogle files this motion for reconsideration solely to raise with the Court that upon remand, Mr. Fogle intends to ask that the Court reconsider its position with regard to the specific relief it will grant as articulated herein. Mr. Fogle understands that the Court need not resolve this issue conclusively before the Court of Appeals has returned jurisdiction to this Court.

      Respectfully submitted,

      A.J. KRAMER
      FEDERAL PUBLIC DEFENDER

      /s/
      _____

      CELIA GOETZL
      Assistant Federal Public Defender
      625 Indiana Ave. NW, Ste. 550
      Washington, D.C. 20004
      (202) 208-7500